UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. : CV   (   ) |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | April 7, 2011 |
| WILLIAM J. GARRITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' COMPLAINT

Plaintiff United States of America brings this action against defendant William J. Garrity (Garrity) to recover monies that defendant wrongfully obtained from Federal healthcare programs through false or fraudulent claims for payment. For its causes of action, the United States alleges as follows:

## NATURE OF ACTION

1. The United States brings this action to recover statutory damages and civil penalties under the False Claims Act, as amended, 31 U.S.C. §§ 3729-3733. The United States also brings this action to recover all available damages and other monetary relief under the common law or equitable theories of unjust enrichment and payment by mistake of fact.

2. The United States alleges that Garrity submitted false or fraudulent claims for payment to Federal healthcare programs for evaluation and management services billed with Modifier 25.

## JURISDICTION

3. This Court has subject matter jurisdiction to entertain this action under 28 U.S.C. §§ 1331 and 1345. The Court possesses supplemental jurisdiction to entertain the common law and equitable causes of action pursuant to 28 U.S.C. § 1367(a).

4. The Court has personal jurisdiction over defendant pursuant to 31 U.S.C. § 3732(a), because defendant is transacting and has transacted business in this District, and because defendant committed acts within this District that violated 31 U.S.C. § 3729.

## VENUE

5. Venue is proper in this District under 31 U.S.C. § 3732 and 28 U.S.C. §1391(b) because defendant resides and/or transacts business in this District, and because defendant committed acts within this District that violated 31 U.S.C. § 3729.

## PARTIES

6. The United States brings this action on behalf of the Department of Health and Human Services (HHS) and the Centers for Medicare and Medicaid Services (CMS) on behalf of the Medicare program.

7. Defendant Garrity is a doctor of osteopathic medicine, licensed in Connecticut, with a medical practice located at 230B Mountain Road, Suffield, Connecticut.

## THE FALSE CLAIMS ACT

8. The False Claims Act provides, in pertinent part that:

    (a)    Liability for Certain Acts. (1) [A]ny person who—

        (A)    knowingly presents, or causes to be presented, a false or fraudulent

claim for payment or approval;

(B)   knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

* * *

is liable to the United States Government . . . .

(b)   For purposes of this section- (1) the terms "knowing" and "knowingly"- (A) mean that a person, with respect to information (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information, and (B) require no proof of specific intent to defraud. 31 U.S.C. § 3729.

## THE MEDICARE PROGRAM

9.   The Medicare program is federally funded and provides health care coverage to the nation's elderly and certain disabled individuals. The program is administered by HHS and supervised by CMS.

## THE FRAUDULENT CONDUCT

10.   Defendant acted with actual knowledge, deliberate ignorance or reckless disregard of the laws, regulations and guidance applicable to the Medicare program when submitting claims for evaluation and management services billed with Modifier 25.

11.   Modifier 25 is used when a provider bills for a procedure and an evaluation and management services (E/M) (also known as an office visit) on the same day for

the same patient.

12. CMS does not normally allow additional payments for separate E/M services performed by a provider on the same day as a procedure. However, if a provider performs an E/M service on the same day as a procedure that is significant, separately identifiable, and above and beyond the usual preoperative and postoperative care associated with the procedure, Modifier 25 may be attached to the claim to allow additional payment for the separate E/M service.

13. Guidance issued by the Medicare program indicated that CMS generally will not pay for a procedure and an E/M on the same day, because it is expected that most procedures involve pre-procedure and post-procedure examination that is part of the payment for that procedure. Guidance also indicted that if a provider performs a procedure and an E/M on the same day, and submits the claim with Modifier 25, that provider is representing to CMS that the E/M service represents a significant, separately identifiable service above and beyond the usual preoperative and postoperative care associated with the procedure.

14. Defendant knew or should have known of the guidance issued by the Medicare program on the proper way to utilize Modifier 25 when billing E/M services to Medicare.

15. Much of defendant's medical practice involves treating patients using "osteopathic manipulative treatment" (OMT), a medical procedure used by osteopathic physicians to treat musculoskeletal disorders.

16. Data analysis of defendant's practice indicated that approximately 95% of the

time that defendant billed Medicare for OMT, he also billed an E/M, using Modifier 25.

17. A review of Medicare beneficiary medical records from defendant's practice indicated that: (a) there was often no documentation of the medical necessity for the E/M visits; (b) there was often no documentation that an E/M visit had been performed at all; and (c) there was often no documentation of a significant, separately identifiable reason for the patient's (i.e. the patient was there just for OMT).

18. Almost all of the E/M services billed to the Medicare program by defendant using Modifier 25 were false or fraudulent, as the services were either not medically necessary, not performed at all, and/or were not significant, separately identifiable services, distinct from the routine OMT services that were also being billed by defendant to the Medicare program for the same beneficiaries on the same day.

19. Defendant's false or fraudulent claims damaged the United States because they allowed defendant to obtain monies to which he was not entitled.

## CLAIMS

### FIRST CAUSE OF ACTION
(False Claims Act: Presentation of False Claims)
(31 U.S.C. § 3729(a)(1)(A))

20. The United States realleges and reincorporates paragraphs 1 through 19 as if fully set forth herein.

21. Defendant knowingly presented or caused to be presented false or fraudulent claims for payment or approval.

22. By virtue of the false or fraudulent claims made by the defendant, the United States suffered damages and therefore is entitled to statutory damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## SECOND CAUSE OF ACTION
(False Claims Act: Making or Using False Record or Statement)
(31 U.S.C. § 3729 (a)(1)(B))

23. The United States realleges and reincorporates paragraphs 1 through 19 as if fully set forth herein.

24. Defendant knowingly made, used, or caused to be made or used, false records or false statements material to a false or fraudulent claim.

25. By virtue of the false records or false statements made by the defendant, the United States suffered damages and therefore is entitled to statutory damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## THIRD CAUSE OF ACTION
(Unjust Enrichment)

26. The United States realleges and reincorporates paragraphs 1 through 19 as if fully set forth herein.

27. This is a claim for the recovery of monies by which defendant has been unjustly enriched.

28. By directly or indirectly obtaining federal funds to which he was not entitled, defendant was unjustly enriched, and is liable to account and pay such amounts, or the proceeds therefrom, which are to be determined at trial, to the United States.

## FOURTH CAUSE OF ACTION
(Payment By Mistake)

29. The United States realleges and reincorporates paragraphs 1 through 19 as if fully set forth herein.

30. This is a claim for the recovery of monies paid by the United States to the defendant as a result of mistaken understandings of fact.

31. The false or fraudulent claims which defendant submitted to the United States were paid by the United States based upon mistaken or erroneous understandings of material fact.

32. The United States, acting in reasonable reliance on the accuracy, completeness and truthfulness of the information contained in the claims, paid defendant certain sums of money to which he was not entitled, and defendant is thus liable to account for and pay such amounts, which are to be determined at trial, to the United States.

## PRAYER FOR RELIEF

WHEREFORE, the United States demands and prays that judgment be entered in its favor against defendant as follows:

1. On the First and Second Causes of Action under the False Claims Act, as amended, for the amount of statutory damages, and such civil penalties as are required by law, together with all such further relief as may be just and proper.

2. On the Third and Fourth Causes of Action, for unjust enrichment and payment by mistake, for the damages sustained and/or amounts by which the defendant was unjustly enriched or by which defendant retained illegally obtained monies, plus interest, costs, and expenses, and all such further relief as may be just and proper.

Respectfully submitted,

DAVID B. FEIN
United States Attorney

JOHN B. HUGHES
Assistant U.S. Attorney, Chief, Civil Division
Federal Bar No. CT05289
157 Church Street
New Haven, Connecticut 06510
(203) 821-3700 (phone)
(203) 773-5373 (fax)
John.Hughes2@usdoj.gov

RICHARD M. MOLOT
Assistant United States Attorney
Federal Bar No. CT21676
157 Church Street
New Haven, Connecticut 06510
(203) 821-3700 (phone)
(203) 773-5373 (fax)
Richard.Molot2@usdoj.gov